Pinkney, &c. v. Ayres & Tunis.

PINKNEY IMPLEADED WITH S. CRANE v. AYRES & TUNIS.

1. On error the court will not weigh evidence in order to reverse because of an alleged deficiency of proof.

2. The justice before whom the cause was tried, in answer to rules upon him, having certified as to the evidence before him on the trial, his certificates cannot be contradicted by the affidavits either of bystanders, or of the witnesses themselves.

3. Credits when sufficiently specific to bring suit within the jurisdiction of the justice.

Error to the Supreme Court.

A judgment for $100 of debt was obtained by the plaintiffs below against the defendants in a court for the trial of small causes in the county of Essex. The defendants were alleged to have been, at the time when the indebtedness occurred, doing business as partners in the county of Sussex under the name of Pinkney & Crane. Process issued 20th June, 1844, was served on Crane only, the other defendant being returned, not found within the county. A *Certiorari* having been presented by Pinkney, and the judgment removed into the Supreme Court, the said judgment was there affirmed.

The copy of the account filed was for goods sold and delivered to the amount of $244 05

The following credits were thus stated, viz:

" CR. By draft accepted and paid by Harrison &
Sayre, 17th Nov. 30 days, paid 20th Dec. $150 00
Deduct postage, . 13–149 87
Interest account to 23d June, 1844, 27 85

$122 02
Deduct S. Crane's note, 22 02

23d June, 1844—balance due, $100 00."

Rules were successively taken by the respective parties upon the justice before whom the cause was tried, to certify the evidence, the answers to which sufficiently appear in the opinion delivered in this court; but on the allegation of the plaintiff in *Certiorari*, that the justice had not correctly stated the evidence given before him by one of the witnesses, the affidavit of that witness was permitted to be taken as to the evidence given by him in relation to the partnership.

*Vroom*, for plaintiff in error.

1. There was no sufficient evidence of partnership as against Pinkney. The affidavit of the witness below shews what was the evidence actually given.

2. The plaintiff's copy of account shews a claim beyond the

jurisdiction of the justice. The credits given are evidently fictitious, and are not sufficiently specific. The calculation of the interest shews that the last credit was given three days after the commencement of the suit, at which time the claim was clearly beyond the jurisdiction of the justice.

Credits to reduce claim to the jurisdiction of the justice, must be actual and specific. *Sonders* v. *Stratton, Pen.* 527; *Caldwell* v. *French, Ib.* 613; *Rice* v. *Oxenius, Ib.* 660; *Rue* v. *Boughaner,* 1 *South.* 104; *Haggerty* v. *Van Kirk,* 4 *Halst.* 118; *White* v. *Burnett, Spenc.* 265.

The last credit was of note of one of the alleged partners. *Williams et al.* v. *Hamilton,* 1 *South.* 220.

*A. Whitehead,* contra.

CARPENTER, J. The first reason urged for a reversal is not supported. The justice, before whom the cause was tried, in answer to rules taken in the Supreme Court, certified the evidence given on the trial, and particularly as to the existence of the partnership at the time the debt sued for was contracted. It was not denied by the counsel of the plaintiff in error, that if we looked only to the certificates of the justice, it would appear that the partnership had been sufficiently proved; but we were referred to the affidavit of the witness to ascertain what the testimony on the trial really was. It was alleged by the plaintiff in *Certiorari,* that the justice, in his answers to the rules taken in the Supreme Court, had not correctly stated the evidence of one of the witnesses, and that his second answer to those rules was contradictory to the first. Upon this allegation, it was ordered by the Supreme Court, that the plaintiff in *Certiorari,* should be at liberty to examine the said witness, as to the evidence given by him at the trial in regard to existence of the partnership at the time the debt sued for was contracted. The affidavit of the witness was accordingly taken, but it shews some evidence of partnership, and this court will not on error undertake to weigh the evidence.

The affidavit, however, must be rejected. The justice did not excuse himself from answering the rules taken upon him,

even in part. He made no excuse that he could not state the evidence delivered, but undertook to make full answer. He did so under his official responsibility, and his certificates cannot be contradicted by the affidavits of either bystanders or of the witnesses themselves.

Again : It was alleged that the state of demand or copy of account, shewed a claim on the part of the plaintiffs below, over one hundred dollars, and beyond the jurisdiction of the justice, and that the credits necessary to bring it within that jurisdiction were fictitious, not sufficiently specific, and insufficient for that purpose. In *Huggarty* v. *Van Kirk*, 4 *Halst*. 118, the Chief Justice, who delivered the opinion of the Court said, in reference to the doctrine held in previous cases on the subject of fictitious and general credits, that if the subject was a new one, they would, probably, all be of a different opinion ; at least they should hesitate very long before they should give such an opinion. We are not aware that the point has since been mooted or settled in this court, and perhaps under the dissatisfaction expressed, it may here be open for review. It seems hardly necessary to be decided in the present case, but certainly no disposition can be felt to extend the doctrine.

The first credit is of a draft accepted and paid, and really amounts to an acknowledgment that so much money had been received in payment by the hands of Harrison & Sayre. The second, upon which the objection was chiefly pressed is, that the note of S. Crane had been received on account. " Deduct S. Crane's note for $22.03." These credits, it is certified by the justice, were at the time of the trial regularly credited in the books of the plaintiffs, as set forth in the copy of the account. We suppose them to be sufficiently specific. A credit does not stand on the same ground as a set off in this respect, and the same particularity of statement is not necessary. Neither is there any weight in the objection that the note appears to be the individual note of one of the partners. It is true that such note is not the subject of set off against a partnership account, and the principle to some extent, seems to have been applied to credits in the case of *Williams* v. *Hamilton*, 1 *South*. 220. It was there held, in an action against partners, that the

claim could not be reduced within the jurisdiction of the justice by a credit—" By account rendered of W."—one of the partners, his assent to such appropriation not appearing.  Without sanctioning all that was said in that case, it is enough here to say, that this credit does not stand on the same ground.  It is in effect a credit acknowledging that a note (and it is immaterial whether of one partner or of a third person) had been received in part payment of the account.

But it was said that the last credit appears by the statement of the item of interest in the copy of the account to have been given on the 23d of June, three days after the commencement of the suit below, and the plaintiffs must stand or fall according to their position at that time.  Perhaps this application of that principle is not entirely clear.  But even if the time of giving the credit be material, and plaintiffs claiming by their writ only one hundred dollars, looking to the question of jurisdiction, cannot give a credit after suit commenced, yet does it appear that this credit was so given?  The interest might have been calculated still further to the day on which the account was filed or judgment rendered, had not the plaintiffs, for the sake of keeping within the jurisdiction of the court, chosen to relinquish a part of their claim to interest.  It is not clear that the mode of stating the account, necessarily implies that the note was received and credited on the 23d of June.  The credit as suggested, may relate to a note coming due on the 23d, but previously transferred to the hands of the plaintiffs ; a supposition, which if true, would explain the mode of stating the interest portion of the account.  To reverse, the error must be manifest ; we are not satisfied that there is error.

Judgment affirmed.

*For Affirmance*—The CHANCELLOR, CHIEF JUSTICE, CARPENTER, RANDOLPH, PORTER, SCHENCK, ROBERTSON, SPENCER, and SINNICKSON—9.

*For Reversal*—SPEER—1.

Justices NEVIUS and WHITEHEAD sat in the Supreme Court, and therefore took no part in the hearing or decision in this court.

CITED *in Keep* v. *Kelly,* 3 *Vr.* 57.